UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERNEST H. FUDGE,

                              Plaintiff,

        v.                                          1:09-cv-0301

THE PHOENICIA TIMES, et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff commenced the instant action against Defendants alleging violations of his constitutional rights arising out of his arrest and indictment.  Plaintiff also asserts claims of defamation.  Presently before the Court are Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## I.    FACTS

        On March 4, 2008, Plaintiff was arrested on charges of sexual abuse in the first degree.  Plaintiff also was charged with driving while intoxicated, arson, burglary, and assault.  Plaintiff alleges that Defendant Detective Fred Holland and Defendant Police Chief William James McGrath released false information to the local newspaper concerning the facts surrounding Plaintiff's arrest, that the newspaper printed the false information, and the

---

[1] By letter filed August 11, 2009, Defendants Holland and McGrath sought to withdrawn their motion.  Even if the Court grants their request to withdrawn their motion (which has been fully briefed), the Court, nonetheless, has an obligation under 28 U.S.C. § 1915(e)(2)(B) to dismiss this action if it fails to state a claim on which relief may be granted.  Accordingly, the Court will determine whether the original Complaint or the Amended Complaint state a claim upon which relief may be granted.

parties conspired against him to deprive him of his rights by printing false information.  The articles contained the following information: (1) that Plaintiff was charged with first degree sexual abuse, a Class D felony; (2) that the arrest followed a complaint from a woman who claimed that Plaintiff held her against her will for several hours, raped her, and physically assaulted her; (3) that the victim was treated at a hospital for injuries and then released; (4) that it was claimed that Plaintiff "worked her [the victim] over pretty good;" (5) that "[a]ccording to police accounts, there is ample evidence to hold [Plaintiff] over for the grand jury where additional charges are likely to be lodged;" (6) that "[t]he evidence uncovered was enough to bring the charges and may lead to more serious counts of assault;" (7) that Plaintiff had "a long rap sheet, mostly for misdemeanors;" (8) that Plaintiff had been charged with providing alcohol to minors and endangering the welfare of a child; (9) that Plaintiff had been convicted of armed robbery and served time in state prison; and (10) that Plaintiff had been "picked up on two drunk driving charges in a single day."

Plaintiff was indicted on several counts of rape and several other counts.  The charges against Plaintiff were dismissed before trial.

Presently before the Court are Defendants' motions to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b), Plaintiff's motion for leave to file an amended complaint, and Plaintiff's motion for the appointment of counsel.

## II.      STANDARD OF REVIEW

Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally. Harris v. Mills, — F.3d —, —, 2009 WL 1956176, at *4 (2d Cir. 2009).  In reviewing Defendants' motions to dismiss, the Court will address both the original Complaint and the Amended Complaint.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 1949-50 (internal quotations and citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown - that the pleader is entitled to relief." Id. at 1950 (internal citations and quotation omitted).

## III.    DISCUSSION[2]

### a.    Claims Pursuant to 18 U.S.C. §§ 241 and 242

Plaintiff asserts claims pursuant to 18 U.S.C. §§ 241 and 242.  These are criminal statutes and do not afford Plaintiff a private cause of action.  See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); Robinson v. Overseas Military Sales, Corp., 21 F.3d 502, 511 (2d Cir. 1994); Williams v. Halperin, 360 F. Supp. 556, 556 (S.D.N.Y. 1973). Accordingly, those claims must be DISMISSED.

---

[2] In addressing the pending motion, the Court has considered Plaintiff's responsive papers filed on July 13, 2009.

**b.     Claim Pursuant to 42 U.S.C. § 14141**

Plaintiff also asserts a claim pursuant to 42 U.S.C. § 14141.  This statute does not create a private cause of action.  See Rangel v. Reynolds, 607 F. Supp.2d 911, 925 n.6 (N.D. Ind. 2009); Davis v. Clearlake Police Dept., 2008 WL 4104344, at *9 (N.D. Cal. 2008).

**c.     42 U.S.C. § 1983**

Plaintiff asserts various claims under 42 U.S.C. § 1983.  Given the lack of clarity concerning the nature of Plaintiff's claims, the Court has endeavored to determine the bases for his various claims.

To the extent Plaintiff claims that he was denied the right to a fair trial due to the pre-trial release of false information concerning him, such a claim must be dismissed because there was no trial.  The charges against Plaintiff were dismissed before trial.  See Schiavone Const. Co. v. Merola, 678 F. Supp. 64, 66 (S.D.N.Y. 1988) ("[N]o denial of a fair trial can be shown where the plaintiff was acquitted of the crime charged.").

Any claim that Plaintiff's due process rights were violated because the release of false information concerning his criminal history tainted the grand jury similarly must be dismissed.  To succeed on such a claim, there must be a showing that: (1) there were improper leaks; and (2) the leaks deprived Plaintiff of his right to a fair trial.  Powers v. Coe, 728 F.2d 97, 105-06 (2d Cir. 1984).  Assuming the information in the newspaper articles was not completely accurate, there are not plausible allegations upon which it could be concluded that any information was improperly leaked.[3]  Assuming information was improperly leaked, Plaintiff, nonetheless, has failed to adequately plead that "other remedies were not available,

---

[3] There is nothing in the Complaint plausibly suggesting that Detective Holland improperly leaked information.

or were used to no avail, to alleviate the effects of any leaks." <u>Powers</u>, 728 F.2d at 105.
There also are insufficient allegations of causation.  Plaintiff was indicted on multiple counts
of rape.  Even assuming the grand jury had the subject newspaper articles before it, it cannot
be said that the information in those articles were likely to have improperly influenced the
grand jury.  Inasmuch as pre-trial publicity is not generally a basis for dismissal of an
indictment, it follows that, absent some allegation of prejudice, it is not a basis for a due
process violation.  <u>See</u> <u>United States v. York</u>, 428 F.3d 1325, 1331 (11th Cir. 2005); <u>United
States v. Waldon</u>, 353 F.3d 1103, 1109 (11th Cir. 2004); <u>United States v. Civella</u>, 648 F.2d
1167, 1173 (8th Cir. 1981); <u>United States v. Matanky</u>, 482 F.2d 1319, 1323-24 (9th Cir. 1973).
Plaintiff makes insufficient allegations of prejudice in his complaint.  In any event, as noted,
the charges against Plaintiff were dismissed.

To the extent Plaintiff alleges a due process violation on the basis of the release of
false information concerning him, such a claim also must be dismissed.  Without something
more, § 1983 does not address injury to reputation.  <u>See</u> <u>Paul v. Davis</u>, 424 U.S. 693 (1976).
While false allegations of criminal behavior are sufficient to create stigma, Plaintiff does not
allege any material state-imposed burden or state-imposed alteration of Plaintiff's status or
rights in connection with the stigma necessary to sustain a § 1983 claim.  <u>Sadallah v. City of
Utica</u>, 383 F.3d 34, 38 (2d Cir. 2004).  Again, although Plaintiff was charged with various
offenses, the charges were dismissed.

Assuming Plaintiff is asserting claims for false arrest or malicious prosecution, such
claims must fail because Plaintiff never claims, or asserts facts plausibly supporting the
conclusion, that there was not probable cause to arrest him or pursue criminal charges
against him.  <u>See</u> <u>McClellan v. Smith</u>, 439 F.3d 137, 145 (2d Cir. 2006) (grand jury indictment

provides a presumption of probable cause as to a malicious prosecution claim, but not as to false arrest claim).

Plaintiff's proposed amended complaint asserts a claim of discrimination due to disability.  The claimed disability appears to be his past criminal record.  A criminal record is not a protected disability.  Plaintiff does not identify any other disability.  Accordingly, it would be futile to allow Plaintiff to amend his Complaint to assert such a claim.

With respect to the non-municipal defendants, The Phoenicia Times, The Ulster County Townsman, Brian Powers, Paul Smart, and Blake Killin, there are insufficient plausible allegations that these individuals and/or entities acted under color of state law.  See Idema v. Wager, 120 F. Supp.2d 361, 371 (S.D.N.Y. 2000); see also Skinner v. Dwyer, 1992 WL 265995, at *2 (N.D.N.Y. 1992).

To the extent Plaintiff asserts claims concerning his incarceration at the Ulster County Jail, he has not named the proper defendants and, thus, any such claims must be dismissed.

Plaintiff also alleges a conspiracy to deprive him of his civil rights.  Having found that Plaintiff has not plausibly pleaded a violation of any of his civil rights, he cannot make out a claim of a conspiracy to violate his civil rights.  Further, there are insufficient allegations of conspiracy.  Thus, this claim must be dismissed.

Having dismissed all federal causes of action, the Court declines to exercise supplemental jurisdiction over any remaining state law causes of action.  Accordingly, those claims are dismissed without prejudice.

**IV.      CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss are GRANTED, the

Complaint is DISMISSED IN ITS ENTIRETY, Plaintiff's motion for leave to file an amended

complaint is DENIED, Defendants' application to withdraw their motion to dismiss is DENIED

AS MOOT, and the motion for the appointment of counsel is DENIED AS MOOT.  Because

Defendants Powers and Smart have timely moved to dismiss, Plaintiff's motions for default

judgment against them are DENIED.  The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated:August 19, 2009

Thomas J. McAvoy

Senior, U.S. District Judge